UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **CHRISTOPHER FOUTZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CAUSE NO. 1:15-cv-1250-WTL-TAB |
| | ) |
| **COAST TO COAST FINANCIAL SOLUTIONS, INC.,** | ) ) |
| | ) |
| **Defendant.** | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the Plaintiff's motion for default judgment (Dkt. No. 9). The Court **GRANTS IN PART** the Plaintiff's motion for the following reasons.

### I.     BACKGROUND

Plaintiff Christopher Foutz filed suit against Defendant Coast to Coast Financial Solutions, Inc. ("Coast to Coast") on August 10, 2015, alleging it violated the Fair Debt Collections Practices Act ("FDCPA"). His complaint alleges that he defaulted on a debt that was transferred to Coast to Coast for collection. Prior to August 20, 2014, Coast to Coast reported the debt to Experian, a credit reporting agency. On August 20, 2014, Mr. Foutz filed for bankruptcy. The debt at issue was included in the bankruptcy and discharged on March 11, 2015, in the bankruptcy court's discharge order.

Around July 28, 2015, Mr. Foutz obtained a copy of his Experian credit report. The credit report included the discharged debt, stating that $167.00 was past due. Foutz alleged in his complaint that the debt's inclusion on his credit report after it was discharged in bankruptcy constitutes harassment, an unfair and unconscionable attempt to collect a debt, a

misrepresentation regarding the amount of the debt, and an attempt by Coast to Coast to collect a debt that the bankruptcy discharge prohibited it from collecting, in violation of the FDCPA's sections 1692d, e, and f.

Coast to Coast has not appeared in this case and default has been entered against it; accordingly, all well plead allegations in the complaint are deemed admitted. The Court now must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). To that end, a hearing on damages was held on December 17, 2015, at which Mr. Foutz appeared and Coast to Coast did not. Mr. Foutz seeks $1,000.00 in actual damages; $1,000.00 in statutory damages; and $3,715.00 in attorney's fees and costs.

## II.    STANDARD

The FDCPA provides the following remedies for individual plaintiffs: "any actual damage sustained by such person[s]"; "such additional damages as the court may allow, but not exceeding $1,000"; and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).

"In determining the amount of liability . . . , the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Additionally, actual damages may be recovered only if the FDCPA violation caused harm to the plaintiff: "only losses flowing from an FDCPA violation are recoverable as actual damages." *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741, 743 (7th Cir. 2007); *see also Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 629 (7th Cir. 2009)

("Were the plaintiffs seeking actual damages rather than just statutory damages, they would have to present some evidence that they were misled to their detriment."). The FDCPA, however, "does not require proof of actual damages as a precursor to the recovery of statutory damages." *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998).

Plaintiffs are also entitled to reasonable attorney's fees and costs. *See* 15 U.S.C. § 1692k(a)(3). The plaintiff bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). District courts determine the amount of reasonable attorney's fees as follows:

> The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. If necessary, the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case.

*Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010) (internal citations and quotation marks omitted).

### III.   DISCUSSION

#### A.   Actual Damages

Mr. Foutz seeks actual damages, and it is his burden to prove that he is entitled to such damages. Mr. Foutz contends that having the debt remain on his credit report following its discharge in bankruptcy caused him emotional harm. At the hearing, he testified that filing for bankruptcy was hard in itself, and he was "extremely" frustrated and embarrassed by the debt's inclusion on his credit report after the bankruptcy. He presented no evidence other than his testimony in support of his claim, and he did not provide additional detail. Mr. Foutz did not, for

example, designate an expert to testify, nor did he introduce medical records in support of his testimony.

In seeking actual damages for emotional harm, conclusory statements of emotional distress, without more, are generally insufficient to make out a claim for emotional damages, "unless the facts underlying the case are so inherently degrading that it would be reasonable to infer the person suffered emotional distress from the defendant's action." *See Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (discussing under the Fair Credit Reporting Act actual damages for emotional harm; internal quotation and citation omitted; and abrogated on other grounds by *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007)).

The Court considers Mr. Foutz's testimony to be bare allegations lacking the detail necessary to justify an actual damages award for emotional distress, and while the Court is sympathetic to the frustration Mr. Foutz experienced in seeking removal of the discharged debt from his credit report, it does not find the debt's entry on his credit report to be "so inherently degrading that it would be reasonable to infer that a person suffered emotional distress from the defendant's action." *Wantz*, 386 F.3d at 834. Consequently, the Court denies Mr. Foutz's request for $1,000.00 in actual damages.

### B. Statutory Damages

Mr. Foutz also seeks $1,000.00 in statutory damages. Coast to Coast has failed to respond in this action. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff for each cause of action alleged in the complaint." *e360 Insight*, 500 F.3d 594, 602 (7th Cir. 2007) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). However, "the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id.* (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

To determine the appropriate amount of statutory damages, the Court looks at "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (citing 15 U.S.C. § 1692k(b)(1)).

The first factor, the frequency and persistence of noncompliance, favors Coast to Coast. The only noncompliance of which Mr. Foutz complains in this case is the appearance of a debt on his credit report after it was discharge in his bankruptcy case. Mr. Foutz does not allege that Coast to Coast communicated with him at all after his bankruptcy was finalized. As such, the frequency and persistence of noncompliance is minimal, and this factor favors Coast to Coast.

The second factor, the nature of noncompliance, slightly favors Mr. Foutz. Inclusion of the discharged debt on Mr. Foutz's credit report in July 2015 falsely represented that Mr. Foutz owed a debt at a time when he did not. Coast to Coast, however, made no other effort to attempt to collect the discharged debt. And, as discussed above, Mr. Foutz suffered no readily apparent harm as a result of the false representation. He was not, for example, tricked into paying the debt. Accordingly, this factor slightly favors Mr. Foutz.

The third factor, the extent to which noncompliance was intentional, favors Coast to Coast. Mr. Foutz offered no evidence that would support a finding of intentionality. The Court finds that, apart from the discharged debt's inclusion on Mr. Foutz's July 2015 credit report, the lack of any effort on the part of Coast to Coast to collect the debt suggests that the noncompliance was an inadvertent, rather than an intentional act. As a result, this factor favors Coast to Coast.

Because two of the three factors favor Coast to Coast and one factor slightly favors Mr. Foutz, a minimal award of statutory damages in the amount of $100.00 is appropriate. *See, e.g.*,

*Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) ("[I]t is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling" of statutory damages).

### C.     Attorneys' Fees and Costs

Because the Court will be entering a judgment in favor of Mr. Foutz in this matter, Mr. Foutz is by statute entitled to reasonable attorneys' fees and costs. *See Tolentino v. Friedman*, 46 F.3d 645, 651–52 (7th Cir. 1995) (holding that an award of fees is "mandatory" to a successful plaintiff in a FDCPA claim). Mr. Foutz's counsel submitted an invoice detailing fees and costs for the case, totaling $3,715.00, and affidavits of attorneys' fees and costs explaining the rates of the individuals working on the case. The Court finds the hours worked and requested rates reasonable. Accordingly, Mr. Foutz is entitled to recover $3,715.00 in attorneys' fees and costs.

### IV.     CONCLUSION

The Court **GRANTS IN PART** Mr. Foutz's motion for default judgment against Coast to Coast (Dkt. No. 9) and awards him $100.00 in statutory damages and $3,715.00 in attorneys' fees and costs. Judgment will be entered accordingly.

SO ORDERED: 1/6/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication